# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRENDA CARMICHAEL,<br><br>Plaintiff,<br><br>-against-<br><br>LOCKHART, MORRIS & MONTGOMERY, INC.,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION COMPLAINT** |

Plaintiff, BRENDA CARMICHAEL (hereinafter, "Plaintiff"), a New Jersey resident, brings this Complaint by and through the undersigned attorneys against Defendant LOCKHART, MORRIS & MONTGOMERY, INC. (hereinafter, "Defendant") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt

collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of the State of New Jersey and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant is a collection agency with its registered office located at 1401 N. Central Expressway, Suite 225, Richardson, Texas 75080.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to August 15, 2020, an obligation was allegedly incurred to JERSEY SHORE MEDICAL CENTER.

13. The JERSEY SHORE MEDICAL CENTER obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal or family medical purposes.

14. The alleged JERSEY SHORE MEDICAL CENTER obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. JERSEY SHORE MEDICAL CENTER is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

16. At some point, JERSEY SHORE MEDICAL CENTER or a purchaser, assignee, or subsequent creditor contracted the Defendant to collect the alleged debt.

17. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal or family purposes on behalf of creditors.

18. On a date prior to August 15, 2020, Plaintiff reviewed her credit report after being alerted that her credit score had fallen by 113 points.

19. Plaintiff identified on her report a collection account with Defendant for the JERSEY SHORE MEDICAL CENTER debt in the amount of $50.00.

20. Plaintiff immediately located Defendant's contact information via an internet search and

called Defendant to inquire about the collection account listed on her credit report.

21. The representative at Defendant's office advised Plaintiff that the collection account was for a hospital bill for her son from 2014.

22. Plaintiff advised the representative that the $50 charge was for the emergency room co-payment, which she had paid upon arrival to the emergency room on the date of service.

23. Plaintiff inquired of he representative as to why she never received a collection letter for this alleged debt; especially given the fact that the six-year statute of limitations for the 2014 debt had passed.

24. Defendant's representative advised Plaintiff that they are not required to send a collection letter, and that the statute of limitations on the debt was actually (10) ten years, not (6) six years.

25. Pursuant to §1692e of the FDCPA, a debt collector may not use any false, deceptive, or misleading representations or means in collection with the collection of any debt.

26. Pursuant to §169f of the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

27. Pursuant to §1692g of the FDCPA, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice containing the amount of the debt.

28. Pursuant to §1692g of the FDCPA, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

29. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

30. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.  Plaintiff was harmed by being subjected to deceptive and misleading collection practices, from which they had a substantive right to be free, by being subjected to the increased material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, would make decisions that they may not have had they been given only clear and truthful information.

31. Defendant's failure to provide Plaintiff with the statutory information she was entitled to caused the Plaintiff real harm.

32. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15  U.S.C. §1692e** *et seq.*

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34. Pursuant to Section 15 U.S.C. §1692e of the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

35. The Defendant violated said provision by:

    - falsely representing the amount of the debt in violation of  §1692e(2);

- using false, deceptive and misleading representations in connection with the collection of a debt in violation of 15 U.S.C. §1692e(10).

36. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 16 U.S.C. §1692f *et seq.*

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

39. Defendant violated said section by attempting to collect an amount to which they were not entitled and which was not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

42. The Defendant violated said section by:

- Failing to provide an accurate validation notice in violation of § 1692g(a)(4)

      and 1692g(a)(5).

- Overshadowing Plaintiff's validation notice.

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692*g et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)    Awarding Plaintiff statutory damages;

    (b)    Awarding Plaintiff actual damages;

    (c)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (d)    Awarding pre-judgment interest and post-judgment interest; and

    (e)    Awarding Plaintiffsuch other and further relief as this Court may deem just and proper.

Dated: December 4, 2020

                          By:   /s/ Yitzchak Zelman
                                  Yitzchak Zelman, Esq.
                                  MARCUS & ZELMAN, LLC
                                  701 Cookman Avenue, Suite 300
                                  Asbury Park, New Jersey 07712
                                  (732) 695-3282 telephone
                                  (732) 298-6256 facsimile
                                  YZelman@marcuszelman.com
                                  *Attorneys for Plaintiff*